# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JESSICA FRANKS,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**EDISON ELECTRIC INSTITUTE,** )<br>)<br>Defendant. )<br>) | Case No. 20-cv-3393 (APM) |

## PRETRIAL SCHEDULING ORDER

Pursuant to the Status Conference held October 12, 2022, and the Plaintiff's subsequent objection to the Pretrial Scheduling Order issued on October 17, 2022, ECF No. 34, the court hereby orders as follows with respect to further proceedings in this matter:

I. <u>Scheduling</u>

   A. Any additional Motions in Limine are due by **March 14, 2023**.

   B. Oppositions to Motions in Limine are due by **March 28, 2023**.

   C. Replies in support of Motions in Limine are due by **April 4, 2023**.

   D. The parties shall file their Joint Pretrial Statement by **April 7, 2023**.

   E. A Pretrial Conference is scheduled for **April 14, 2023, at 3:00 p.m.** in Courtroom 10; and

   F. Trial is scheduled to begin **April 24, 2023, at 9:30 a.m.** in Courtroom 10.

   **The parties may not extend any deadline by stipulation; instead, the parties shall seek extensions by motion. Consent motions are generally looked upon with favor by the court. Motions to extend deadlines shall indicate whether any previous extensions were requested.**

II.  Joint Pretrial Statement

    A.  The parties are required to file a Joint Pretrial Statement by **April 7, 2023**. The Joint Pretrial Statement shall be prepared in accordance with Local Civil Rule 16.5 (except those provisions that provide for the filing of separate Pretrial Statements) and shall be filed electronically via ECF. Separate Pretrial Statements may be struck, sua sponte.

    B.  Attached as Appendix A is a list of the court's standard voir dire questions, with questions added that are relevant to this case. In the Joint Pretrial Statement, the parties shall state (1) any objections to the court's voir dire questions; (2) any modifications to the court's voir dire questions; and (3) any additional proposed questions. If a party objects to a proposed modification or additional question, that party shall state the grounds for the objection.

    C.  The Joint Pretrial Statement also shall contain the parties' proposed jury instructions. The parties shall provide the court with a list of all standard jury instructions from the "Blue Book" (Richard W. Stevens, *Standardized Civil Jury Instructions for the District of Columbia* (May 2016 ed.)) that they wish to include in the final instructions. The parties need not submit the full text of any standard jury instruction but should provide the full text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the court include.

    As to each non-standard jury instruction, the sponsoring party shall cite legal authority for the proposed instruction, and the non-sponsoring party shall state any objection to the instruction, including any proposed modifications.

    D.  On or before **March 17, 2023**, the parties shall meet and confer to begin preparing the Joint Pretrial Statement. At the meeting, the parties shall discuss and attempt to resolve all objections to exhibits (including as to authenticity) and any anticipated motions in limine.

    E.  If the parties are unable to resolve any disputes about the admissibility of evidence during their meet-and-confer session, the objecting party shall come to the Pretrial Hearing prepared to raise the objection. If the objection concerns the admissibility of a document, then the objecting party shall bring a hard copy of the document to the Pretrial Conference.

    F.  A party's failure to object to an exhibit at the Pretrial Hearing constitutes waiver of the objection. **Exhibits without objections identified in the Pretrial Statement are presumptively admitted**.

III.    Settlement

The parties are expected to continue to evaluate their respective cases for purposes of settlement. The court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If the parties are interested in further pursuing these options, they may contact Chambers at any time.

Dated: November 3, 2022

                              Amit P. Mehta
                              United States District Court Judge